993 F.2d 228
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herman George BROWN, Jr., Petitioner-Appellant,
v.
John P. GALLEY; Attorney General of The State of Maryland,
Respondents-Appellees.
 No. 92-7023.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 5, 1993
Decided: April 29, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-92-923-MJG)
 Herman George Brown, Jr., Appellant Pro Se.
 Kreg Paul Greer, Assistant Attorney General, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Herman George Brown, Jr., seeks to appeal the district court's order dismissing with prejudice his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (1988). The district court adopted the magistrate judge's recommendation that Brown's petition be dismissed on the grounds of procedural default. We find that the state ground for dismissal was not adequate to justify dismissal in federal court, but Brown's claims are without merit. We grant a certificate of probable cause to appeal and affirm the district court's order dismissing the petition with prejudice.
 
 
 2
 Brown was convicted by a Maryland jury of intent to disable and use of a handgun in the commission of a felony and sentenced to ten years' imprisonment and fifteen years' imprisonment to run concurrently. His conviction was affirmed on appeal to the Maryland Court of Special Appeals. Brown then petitioned the Maryland court for post conviction relief, which was denied. Brown filed an application for leave to appeal the denial of his post conviction relief petition to the Maryland Court of Special Appeals. The Maryland Court of Special Appeals dismissed Brown's application because he failed to comply with Maryland Rule 8-204(b), which requires the application to state why the lower court's ruling should be reversed or modified and what specific errors were committed by the lower court.
 
 
 3
 Brown petitioned for federal habeas relief pursuant to 28 U.S.C. § 2254. The matter was referred to a magistrate judge who recommended that Brown's petition be dismissed because his claims were procedurally defaulted in the Maryland courts and he had not sufficiently alleged cause and prejudice or actual innocence. After reviewing Brown's objections to the magistrate judge's report, the district court dismissed Brown's claims with prejudice as procedurally defaulted.
 
 
 4
 Federal review of habeas corpus claims is barred where the petitioner has failed to comply with a state procedural rule and this failure provides an independent and adequate ground for the state's denial of relief, unless the petitioner demonstrates cause and prejudice or actual innocence. Harris v. Reed, 489 U.S. 255 (1989); Murray v. Carrier, 477 U.S. 478 (1986); Wainwright v. Sykes, 433 U.S. 72 (1977). A state procedural ground is " 'adequate' ... only where 'the State's insistence on compliance with its procedural rule serves a legitimate state interest.' " Wainwright v. Sykes, 433 U.S. at 83 n.8 (quoting Henry v. Mississippi, 379 U.S. 443, 447 (1965)).
 
 
 5
 We find that Brown's petition should not have been dismissed by the district court. While Maryland Rule 8-204(b) is an independent state ground, it is not adequate under the definition provided in Wainwright v. Sykes. Maryland had no legitimate state interest in dismissing Brown's petition without affording him the opportunity to amend his application to conform to the rule.
 
 
 6
 Even though Brown's claims are not procedurally barred, our review of the record discloses that this appeal is without merit. Accordingly, we grant a certificate of probable cause to appeal and affirm the district court's order dismissing Brown's petition with prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED